IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JERRY JARELL MCKNIGHT, | ) | |
|     Petitioner, | ) | Case No. 7:23-cv-00312 |
| v. | ) | |
| | ) | |
| J.C. STREEVAL, | ) | By: Michael F. Urbanski |
|     Respondent. | ) | Chief United States District Judge |

### MEMORANDUM OPINION

Jerry Jarell McKnight, a federal inmate proceeding pro se, commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. The case is presently before the court on the parties' motions for summary judgment. ECF Nos. 8 and 13. For the reasons set forth below, the respondent's motion is **GRANTED**, and McKnight's motion is **DENIED**.

### Background

McKnight is currently serving a 77-month federal sentence imposed in 2022 for drug and firearm offenses. He is incarcerated at USP Lee, a federal prison located in the Western District of Virginia.

McKnight's petition raises two claims for relief under the First Step Act of 2018 ("FSA"). First, McKnight claims that the Bureau of Prisons ("BOP") has failed to apply earned time credits, referred to as "FTCs," in violation of the FSA. Second, McKnight contends that he is entitled to additional days of good conduct time ("GCT") under the FSA.

On July 28, 2023, the respondent filed a motion for summary judgment. The respondent argues that McKnight failed to exhaust his administrative remedies with respect to the GCT claim and that the FTCs claim lacks merit. The motion is accompanied by a

declaration executed by Misty Shaw, a BOP paralegal who has access to and has reviewed McKnight's records in SENTRY, the BOP's computer database. According to the declaration, McKnight exhausted his administrative remedies in relation to the FTCs claim. See McKnight Decl., ECF No. 9-1, ¶ 5. However, McKnight "has not filed any administrative remedies at any level challenging the BOP's calculation of his [GCT]." Id. ¶ 6. With respect to the FTCs claim, the declaration also indicates that McKnight's "recidivism risk level was determined to be High at his most recent Program Review on July 12, 2023," rendering him ineligible for the application of FTCs. Id. ¶ 7.

McKnight has filed a response in opposition to the respondent's motion for summary judgment, as well as his own motion for summary judgment. In his response, McKnight "concedes" that he has not exhausted his administrative remedies with respect to the GCT claim and therefore "consents" to the dismissal of that claim.* Pet.'s Resp. Opp'n, ECF No. 12, at 1. With respect to the FTCs claim, McKnight asserts that he is eligible to have FTCs applied "regardless of his high recidivism assessment." Id. at 2; see also Pet.'s M. Summ. J., ECF No. 13, at 1 ("Petitioner's Motion for Summary Judgment should be granted because he is eligible for application of the FTCs he has earned towards his sentence.").

## Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When faced with cross-motions for summary judgment, the court must review each motion separately on its

---

* In light of McKnight's concession, the GCT claim will be dismissed without further discussion.

2

own merits to determine whether either of the parties deserves judgment as a matter of law." Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (internal quotation marks and citation omitted). "When considering each individual motion, the court must take care to resolve all factual disputes and any competing, rational inferences in the light most favorable to the party opposing that motion." Id. (internal quotation marks and citation omitted).

## Discussion

Challenges to the execution of a federal sentence are appropriately raised in a petition for writ of habeas corpus under 28 U.S.C. § 2241. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). The court may grant relief under the statute only if a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The burden to show that he is in custody in violation of the Constitution [or laws] of the United States is on the prisoner." Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970).

In this case, McKnight claims that the BOP has failed to apply FTCs to his sentence in accordance with the FSA. For the following reasons, the court concludes that McKnight is not eligible for the application of such credits at this time.

The FSA provides inmates the opportunity to earn FTCs for participating in and completing evidence-based recidivism reduction programs ("EBRR programs") and productive activities ("PAs"). 18 U.S.C. § 3632(d)(4)(A). The FTCs are "applied toward time in prerelease custody or supervised release." Id. § 3632(d)(4)(C). An eligible inmate is entitled to earn ten days of FTCs for every thirty days of successful participation in EBRR programs or PAs. Id. § 3632(d)(4)(A). An inmate may earn an additional five days of time credits for every thirty days of successful participation if the inmate is "determined by the Bureau of

3

Prisons to be at a minimum or low risk for recidivating" and, "over 2 consecutive assessments, has not increased their risk of recidivism." Id.; see also id. § 3632(a) (directing the Attorney General to develop a risk and needs assessment system to be used to "classify each prisoner as having minimum, low, medium, or high risk for recidivism"). The Director of the BOP must "transfer eligible prisoners, as determined under [18 U.S.C. §] 3624(g), into prelease custody or supervised release." Id. § 3632(d)(4)(C).

McKnight's Individualized Needs Plan reflects that he is eligible to earn FTCs. Shaw Decl. Attach. B, ECF No. 9-3, at 2. However, because McKnight has been assessed as having a high risk of recidivism, the BOP has not yet applied the FTCs to his time in prerelease custody or supervised release. Although McKnight contends that he is entitled to the immediate application of the FTCs despite his recidivism risk level, this argument is contrary to the plain language of the FSA and its implementing regulations.

Section 102(b)(1)(B) of the FSA, which applies to "[p]rerelease custody or supervised release for risk and needs assessment participants," sets forth several requirements that must be met in order for a prisoner to be eligible for transfer to prerelease custody or supervised release pursuant to the statute. See Pub. L. No. 115–391, § 102(b)(1)(B), 132 Stat. 5194, 5210 (2018) (codified at 18 U.S.C. § 3624(g)(1)). One of those requirements is that a prisoner must have "shown through the periodic risk assessment a demonstrated recidivism risk reduction or . . . maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." Id. The BOP's implementing regulations accordingly provide that FTCs may be applied "toward prerelease custody or early transfer to supervised release under 18 U.S.C. § 3624(g) only if an eligible inmate has," among other requirements, "[s]hown through the

4

periodic risk assessments a demonstrated recidivism risk reduction or maintained a minimum or low recidivism risk, during the term of imprisonment." 28 C.F.R. § 523.44(b)(2). Thus, the applicable provisions of the FSA and its implementing regulations preclude the application of FTCs until McKnight has lowered his recidivism risk level.

In sum, while McKnight "may be eligible to earn time credits" under the FSA, "those credits cannot be applied until he has 'shown through the periodic risk assessments a demonstrated recidivism risk reduction.'" Stepp v. Thompson, No. 1:22-cv-00964, 2022 WL 16748607, at *2 (M.D. Pa. Nov. 7, 2022) (quoting 18 U.S.C. § 3624(g)(1)(B)). Because McKnight was determined to have a high risk of recidivism at his most recent review, he is currently "ineligible under the clear terms of the FSA for immediate application of his earned FTCs toward his sentence computation." Banks v. Warden, No. 7:22-cv-00516, 2023 WL 5500834, at *3 (W.D. Va. Aug. 25, 2023) Accordingly, to the extent McKnight seeks immediate application of any earned FTCs, the respondent is entitled to judgment as a matter of law.

## Conclusion

For the reasons stated herein, the respondent's motion for summary judgment is **GRANTED**, and McKnight's motion for summary judgment is **DENIED**. In light of the court's rulings, all other pending motions are **DENIED** as moot. An appropriate order will be entered herewith.

Entered: October 13, 2023

Digitally signed by Michael F. Urbanski   Chief U.S. District Judge
Date: 2023.10.13 17:54:55 -04'00'

Michael F. Urbanski
Chief United States District Judge